# Harrison *v.* Van Gunten.

*Principal and agent—Employment of subagent—Negligence.*

Where an agent has authority to employ subagents, he will not be liable for their acts or omissions, unless in their appointment he is guilty of fraud or gross negligence or improperly co-operates in the acts or omissions.

Whilst negligence is ordinarily a question for the jury, yet the question as to whether there is such evidence of negligence as should be submitted to the jury, is for the court.

In an action by a tenant of a house against the agent of the owner of the house to recover damages for a loss occasioned by an improper and tortious distress, the case should not be submitted to the jury where the uncontradicted evidence shows that at a time when the tenant was in arrears for rent, a canvasser of a constable came to defendant and handed him a business card of his employer and produced a printed distress warrant with the constable's name printed in the warrant; that the defendant, although not personally acquainted with the constable, knew of him, of his official business and of his business office ; that without making any specific inquiry the defendant filled up the warrant of distress, and deliv-

ered it to the canvasser without any special instructions, and that the canvasser instead of delivering the warrant to the constable made the distress himself, and did it in a tortious and improper manner.

Argued Oct. 3, 1900.    Appeal, No. 23, Oct. T., 1900, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1898, No. 849, on verdict for plaintiff in case of Kate F. Harrison v. Frederick Van Gunten.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Trespass for injuries to property, and for wrongful distress. Before WILTBANK, J.

At the trial it appeared that defendant was the agent of Mrs. Caroline Benzinger for a small house leased by plaintiff, Kate F. Harrison.    On January 22, 1898, when rent was in arrear, Mrs. Benzinger gave to defendant a written power of attorney to distrain for rent.    On April 29, 1898, a man named McAnirland called upon defendant and handed him a business card of John H. McFarland, a constable, and also a printed distress warrant with John H. McFarland's name in print at the top thereof with the warrant addressed to him as such constable.    Defendant testified that he did not know McFarland personally, but that he knew of him as a constable and knew his place of business.    He testified that he told McAnirland that he had a tenant that owed him rent and that he could not get it.    McAnirland then offered to collect it if defendant would sign the warrant.    Defendant did so, but gave no instructions as to how the distress should be made.    McAnirland without returning the paper to McFarland made the distress himself, and did so with much unnecessary injury to plaintiff's property.    It appeared that McAnirland was employed by McFarland as a canvasser.    He subsequently disappeared.

The court charged in part as follows :

Assuming you to find the facts as narrated to you by the plaintiff's witnesses, I charge you that upon the whole case the transaction was illegal and wrong.    It was illegal and wrong because it was committed by somebody who has not been shown to have been duly authorized under the law to do it.    This was the case of an impersonation.    If you believe the testimony of all the witnesses in the case, it seems to be entirely free from difficulty on that point.

Mr. McFarland has testified to you fully upon the subject and there is no contradiction of what he has said. Mr. Van Gunten, representing the owner of this house, did sign a warrant to Mr. McFarland to make this distress. That warrant never reached Mr. McFarland. It was stopped on its way to him by a person who had no authority to take it, and no authority to execute it, and who only procured it by committing a fraud on Mr. Van Gunten, by representing himself to be Mr. McFarland. Therefore, that person had no right at all in the premises to do as was done. There seems to be no reasonable doubt that McAnirland was the person who did the thing. Under the circumstances there having been thus committed, what I am bound to instruct you, was a gross violation of the rights of this tenant of this property, a violation which the law would regard as seriously reprehensible, not only as an infringement upon her private rights, but also as leading, under certain circumstances, to a breach of the peace, and therefore as an outrage in a general sense, can you find a verdict charging Mr. Van Gunten with it?

[I think it has been correctly stated to you by the counsel for the plaintiff, that it was Mr. Van Gunten's duty in signing and delivering a warrant for distress to use reasonable and proper care in seeing that it reached the right person to execute it. It was his duty in directing that the goods of a citizen be taken for the security of rent due, to use reasonable and proper care in delivering his warrant, and if you find that in this case he did not use reasonable and proper care, when he intrusted that document to a man, whom he says himself he had never seen before, and whose representation that he was McFarland, he took without inquiry at all, if you find that he did not use reasonable and proper care in that behalf, then the plaintiff is entitled to a verdict.

If you find that the execution and delivery of the warrant to McAnirland, or whatever his name may be, on the other hand, was a proper exercise of care, and was not negligent on his part, then you will find a verdict for the defendant.] [4]

I am asked by the defendant to charge you as follows:

1. The evidence shows that Frederick Van Gunten, the defendant, acted for a known principal whose existence has not been questioned. In authorizing the constable to make the

distress in question, the said Van Gunten acted simply as the agent of this disclosed principal, the landlord, and is not responsible for the acts of the constable so authorized. Your verdict must, therefore, be for the defendant. *Answer :* That I decline to charge. [1]

2. The constable who made the distress was authorized only to distrain for rent due. The acts complained of by the plaintiff were in excess of that authority, and for those acts the said Van Gunten is not liable, and your verdict must be for the defendant. *Answer :* Refused. [2]

3. Under the undisputed evidence in the case, it appearing that the defendant, Frederick Van Gunten, was acting solely as agent for the owner of the property in authorizing a distress for rent. which remained due and unpaid, and there being no evidence of malice or intention to unlawfully distress the plaintiff, on the part of Frederick Van Gunten, the owner of the property is alone responsible for any loss or damage which might be occasioned to the plaintiff, by reason of such distress for rent; and your verdict must be for the defendant. *Answer :* Refused. [3]

Verdict for plaintiff for $500 upon which judgment was entered for $250, a remittitur having been filed. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Joseph DeF. Junkin,* for appellant.—Under the undisputed evidence in the case, there was not any question of fact for a jury. Legally Van Gunten was not guilty of negligence in selecting his agent, or in his instructions : Wharton on Agency, sec. 277 ; Stone v. Cartwright, 6 Term Rep. 411 ; Lewis v. Read, 13 M. & W. 834.

A principal is not responsible for the trespass committed by his agent: Freeman v. Rosher, 13 Q. B. 780.

*Charles Davis,* for appellee.—There being no rent in arrear when the levy and distress was made, the issuing of the warrant was unlawful and rendered the party issuing it a trespasser: Wells v. Hornish, 3 P. & W. 30 ; Snyder v. Boring, 4 Pa. Superior Ct. 196 ; Fretton v. Karcher, 77 Pa. 423.

The issuing of the warrant was the act of Van Gunten, and he is liable for his own tortious act, as for that of his agent or servant when done by his direction, or with his assent, and sometimes where he neither directs the act, nor assents to its commission, when it is done for his benefit: Bard v. Yohn, 26 Pa. 482; Drake v. Kiely, 93 Pa. 492; Coats v. Darby, 2 N. Y. 517; Green v. Kennedy, 46 Barb. 16; McCloskey v. Powell, 138 Pa. 395.

OPINION BY BEAVER, J., January 22, 1901.

Mr. Justice STORY, in his work on Agency (9th ed.), sec. 313, lays down this rule, deduced from the authorities which he cites, relating to the liability of an agent for the acts of a subagent to third parties: " But no action will ordinarily lie against an agent for the misfeasance of his principal by his consent or authority; any more than it will lie against a servant who hires laborers for his master at his request for their acts; unless indeed in either case the particular acts which occasion the damage are done by the orders or directions of such agent or servant." The same principle, based upon the same authorities and other later ones, is thus stated in the 1 Am. & Eng. Ency. of Law (2d ed.), 981: " Where an agent has authority to employ subagents, he will not be liable for their acts or omissions, unless in their appointment he is guilty of fraud or gross negligence or improperly co-operates in the acts or omissions."

The numerous seeming exceptions to this rule in the case of common carriers are based upon the peculiar relations of common carriers to the public and the special contracts under which their rights and obligations are usually determined. The correctness of the rule and its application to the facts of this case do not seem to have been questioned by the court below, which seemed to regard the case as exceptional in this—that there was such evidence of negligence on the part of the defendant in the appointment of the subagent as to warrant the submission of that fact to the jury. The case was made to turn upon this question exclusively and the portion of the charge submitting it to the jury has been specifically assigned as error and constitutes the fourth specification.

That the defendant was the agent of the owner of the house .

leased by the plaintiff was known to her, as she states in her testimony. The defendant had specific authority from his principal, in a special power of attorney, to distrain for rent. There is no allegation that the defendant actively participated in any way in the irregular, tortious and criminal manner in which the warrant of distress signed and delivered by him was executed. He gave no directions in regard to the distress and there is nothing in the warrant itself which is unusual or confers authority to do anything not authorized by law. The counsel for the appellee misapprehends the ground upon which the court submitted the case to the jury in claiming that the defendant was a trespasser, because there was no rent due at the time of the issuing of the warrant, and that " all who aid, command, advise or countenance the commission of trespass by another are liable as if they had committed the tort with their own hands." This principle is in itself entirely correct but has no application to the present case. The trial judge in the court below, in his charge to the jury, said : " When you come to consider the question whether or not the defendant shall answer in damages, you are to disregard the question of rent. Under the circumstances, so far as you are to decide upon the facts, it makes no difference whether there was rent due or not at that time (the date of the distress) by this lady to her landlord."

The question of the negligence of the defendant in the selection of the agent to distrain for rent is, therefore, the only one which need now be considered. The testimony as to this point is simple and is not contradicted. A young man employed by a regularly elected constable as a canvasser appeared at the office of the defendant, with the card of the constable, known to the defendant as such, and with a distress warrant bearing his address. The defendant, although not personally acquainted with the constable, knew of him, of his official position and of his business office. Without making any specific inquiry, he filled up the warrant of distress and delivered it to the canvasser who, instead of delivering it to the constable, seems to have made the levy, without consulting him, signed his name to it and returned it to his up-town office. What was done in pursuance of the warrant does not seem to have been communicated to the defendant at the time by either the canvasser

or the constable, who became aware of the levy upon the day it was made or the next day. The canvasser was employed by the constable; he appeared in the defendant's office with his card and with a blank warrant of distress bearing his name; there was nothing unusual in this, nor were there any suspicious circumstances such as would put a reasonably prudent man upon his guard. Whether the defendant regarded the canvasser as the constable himself or as his messenger seems to us to make little difference. The warrant was undoubtedly delivered to the messenger to be executed by the constable. That the messenger exceeded his authority and executed the warrant in an illegal or tortious manner was not the fault of the defendant, and we are unable to see how the uncontradicted testimony presents such a state of facts as would warrant the submission to the jury of such gross negligence on the part of the defendant as takes the case out of the operation of the rule regarding the liability of an agent to third parties for the acts of a subagent employed by him in strict accordance with the authority delegated to him by his principal. Whilst negligence is ordinarily a question for the jury, yet the question as to whether there is such evidence of negligence as should be submitted to the jury is for the court. For, as was said in Leidy v. Cold Storage, etc., Co., 180 Pa. 323, so here: " If there was no evidence of negligence more than a scintilla, of course there was nothing for the jury to consider, and it would be error to submit the question of negligence to be disposed of by them." The fourth specification of error should, therefore, be sustained, and it follows that the defendant's points for charge should have been affirmed. This leaves nothing for the jury and the judgment is, therefore, reversed.

ORLADY J. dissents.