White et ux., Appellants, *v.* Macoubray.

Argued October 11, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Charles G. Notari,* of *Marshall, Braun & Notari,* for appellants.

*E. A. Sefler* and *Wm. N. McNair,* for appellee, were not heard.

PER CURIAM, November 28, 1932:

In this action of trespass, plaintiffs, husband and wife, sought to recover damages from defendant for injuries sustained by the wife in falling from a second story porch in the rear of the premises leased by them as a home. The fall was occasioned by a defect in the porch railing, which had been previously repaired by a workman employed by defendant, but gave way under the weight of the wife as she leaned over the rail to empty a bucket of water. Plaintiffs sued defendant: (1) individually, (2) as executor of the estate of his father (who formerly held title to the property in question), and (3) as trustee of John Griffin and John Griffin's wife. In what respect defendant became trustee for the Griffins is not disclosed by the record; however, that is not now material as plaintiffs admit there can be no recovery against the trustee as such. At the conclusion of the testimony, the trial judge granted defendant's motion for binding instructions and directed a verdict for defendant. Plaintiffs appealed.

Appellants have now abandoned their attempt to hold defendant liable as executor or as trustee and rely solely on the proposition that defendant is liable individually for voluntarily, assuming to make the repairs and not performing them properly.

The evidence shows that by the terms of the lease there was no obligation on the lessor to make repairs to the premises. Defendant was not owner but merely acted as agent for the owner, his brother, managing the property and transmitting rents to him. The repairs in question were made by an experienced carpenter engaged by defendant. Even though the carpenter may have per-

formed the work negligently, it places no liability upon defendant. "Where an agent has authority to employ subagents, he will not be liable for their acts or omissions unless in their appointment he is guilty of fraud or gross negligence or improperly coöperates in the acts or omissions": Harrison v. Van Gunten, 15 Pa. Superior Ct. 491, 495. The record fails to establish any one of these elements and, upon the state of facts which it discloses, we are of the opinion recovery cannot be sustained against defendant.

The order of the court below, refusing a new trial is affirmed.